UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **PAINESVILLE MINI STORAGE, INC.,** ) | **CASE NO. 1:07CV3853** |
| ) | |
| **Plaintiff,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| **CITY OF PAINESVILLE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**CHRISTOPHER A. BOYKO, J.**:

  This matter comes before the Court upon the Motion (ECF DKT #10) of Defendant, City of Painesville ("City"), to Dismiss and the Motion (ECF DKT #11) of Defendants, J.B.H. Properties, Inc.; Bruce Hanusosky; High Tech Performance Trailers, Inc.; and High Tech Motor Sports, Inc. ("J.B.H."), to Dismiss. For the following reasons, the Motions to Dismiss are granted without prejudice; and Plaintiff's Complaint is dismissed with respect to all Defendants. The First Claim, alleging a Taking of Plaintiff's property for public and/or private use without just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution, and the Second Claim, alleging Conspiracy to deprive Plaintiff of its Fifth and Fourteenth Amendment rights under the United States Constitution by taking

its property right in an easement appurtenant, are not ripe for adjudication; and, therefore, this Court lacks jurisdiction over them.  The remaining Third, Fourth and Fifth Claims of Plaintiff's Complaint, alleging Trespass; Encroachment and/or Obliteration of Plaintiff's property interest; and Breach of Contract (license agreement), are state claims, over which this Court declines to exercise supplemental jurisdiction.  In light of the fact the Court did not rely upon the law or arguments presented in Defendants' Reply Briefs in making this decision, the Motions (ECF DKT ##19 & 20) of Plaintiff, Painesville Mini Storage Inc., to Strike are overruled as moot.

## I. BACKGROUND

In its Complaint, filed December 19, 2007, Plaintiff, Painesville Mini Storage, Inc., alleges it is entitled to use an easement across High Tech Avenue, formerly known as Elevator Avenue and/or South Side Avenue.  In 1957, the property containing the easement was transferred to the City by general warranty deed.  This deed included a clause transferring a fee simple interest, "except for use by the public and adjoining land owners."

In 2000, both Plaintiff and J.B.H. contemplated expanding their businesses.  On March 21, 2000, the City transferred the subject property to J.B.H. by quitclaim deed.  On June 6, 2000, the City executed another quitclaim deed to J.B.H., purporting to relinquish ". . . all such right and title as the said grantor and the public has or ought to have in and to" the subject property.  In 2001, after obtaining a permit or other approval from the City, J.B.H. constructed an expanded facility and a chain link fence over Plaintiff's claimed easement and right-of-way.  Based upon these facts, Plaintiff alleges the City deprived it of its property without just compensation; and alleges J.B.H. and the City conspired to take its property

without compensation.  In addition to violation of its Constitutional rights, Plaintiff claims it suffered diminution in value of its business, lost business income, and other damages.

Defendants, City and J.B.H., now move for dismissal of Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6), arguing the claims are not ripe since Plaintiff did not seek just compensation through available state procedures.

## II. LAW AND ANALYSIS

**Standard of Review**

**Motion to Dismiss**

"The Supreme Court recently clarified the pleading standard necessary to survive a Rule 12(b)(6) motion.  *Bell Atl. Corp. v. Twombly*, —U.S. — 127 S.Ct. 1955 (2007).  It explained that the factual allegations must 'raise a right to relief above the speculative level.'" *CGH Transport Inc. v. Quebecor, World, Inc.*, No. 06-6399, slip copy 2008 WL 116385, at *2, (6th Cir. Jan. 8, 2008) (citing *Twombly* at 1965).  The *Twombly* decision does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  *Id.* at 1974.  "In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  *Directv, Inc. v. Treesh*, 487 F. 3d 471, 476 (6th Cir. 2007) (citation omitted).  Courts are generally limited to reviewing the complaint and any exhibits attached.  See *Amini v. Oberlin Coll.*, 259 F. 3d 493, 502 (6th Cir. 2001).

**Federal jurisdiction and ripeness**

As the United States Supreme Court declared in *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994):

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, see *Willy v. Coastal Corp.*, 503 U.S. 131, 136-137, 112 S.Ct. 1076, 1080, 117 L.Ed.2d 280 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986), which is not to be expanded by judicial decree, *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed.702 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of North America*, 4 U.S. (4 Dall.) 8, 11, 1 L.Ed. 718 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-183, 56 S.Ct. 780, 782, 80 L.Ed. 1135 (1936).

Even if a party does not bring the issue to a court's attention, "Article III courts have an independent obligation to determine whether subject matter jurisdiction exists." *Airline Professionals Association of Intern. Broth. of Teamsters, Local Union No. 1224, AFL-CIO v. Airborne, Inc.*, 332 F. 3d 983, 986 (6th Cir. 2003) (citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)).

Parties invoking federal jurisdiction are required by Article III of the United States Constitution to allege an actual case or controversy. *Airborne*, 332 F. 3d at 986-987 (citing *O'Shea v. Littleton*, 414 U.S. 488, 493-94 (1974)). Satisfying the ripeness doctrine is an important element of the "case" or "controversy." *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 57 n.18 (1993). "Requiring that plaintiffs bring only ripe claims helps courts 'avoid[] . . . premature adjudication.'" *Airborne*, 332 F. 3d at 987 (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967)). "Determining whether a claim is ripe involves evaluating 'both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" *Airborne*, 332 F. 3d at 988 (quoting *Abbott Labs.*, 387 U.S. at 149)).

"Ripeness is more than a mere procedural question; it is determinative of jurisdiction. If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be

dismissed." *River City Capital, L.P. v. Board of County Commissioners, Clermont County, Ohio*, 491 F. 3d 301, 309 (6th Cir. 2007) (quoting *Southern Pac. Transp. Co. v. City of Los Angeles*, 922 F. 2d 498, 502 (9th Cir. 1990)).

**Supplemental jurisdiction**

28 U.S.C. § 1367 provides the Court with discretion to exercise supplemental jurisdiction over state law claims. See also *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Furthermore, if the Court has dismissed all claims over which it had original jurisdiction, the Court may decline supplemental jurisdiction over remaining state law claims, after consideration of "judicial economy, convenience and fairness to litigants." *Gibbs*, 383 U.S. at 726; 28 U.S.C. § 1367(c)(3).

**Takings Claims**

Before a property owner may file a federal Fifth Amendment takings claims, he must first attempt to obtain compensation through established state procedures. *Lytle v. Potter*, 480 F. Supp. 2d 986, 987 (N. D. Ohio 2006); *Macene v. MJW, Inc.*, 951 F. 2d 700, 704 (6th Cir. 1991). In *Williamson County Regional Planning Commission, et al. v. Hamilton Bank of Johnson City*, 473 U.S. 172, 195 (1987), the United States Supreme Court explained:

> A State's action is not 'complete' in the sense of causing a constitutional injury 'unless or until the state fails to provide an adequate postdeprivation remedy for the property loss.' Likewise, because the Constitution does not require pretaking compensation, and is instead satisfied by a reasonable and adequate provision for obtaining compensation after the taking, the State's action here is not 'complete' until the State fails to provide adequate compensation for the taking.

"The Sixth Circuit recognizes Ohio's writ of mandamus as a reasonable, certain, and adequate procedure for obtaining compensation." *Lytle*, 480 F. Supp. 2d at 989 (citing *Coles v.*

*Granville*, 448 F. 3d 853, 861 (6th Cir. 2006)). Therefore, a takings complaint is not ripe for federal review unless compensation has been sought and denied at the state level. *Braun v. Ann Arbor Charter Township*, No. 07-1370, 2008 WL 656630, at *4 (6th Cir. Mich. March 13, 2008); *Coles*, 448 F. 3d at 860.

In its Complaint at ¶¶ 41, 46 and 47, Plaintiff, Painesville Mini Storage Inc., alleges Defendants, City and J.B.H., violated its Fifth Amendment rights by taking its property "for ***public and/or private*** use." (Emphasis added). In the attached Exhibit #12, Plaintiff references the City's desire in a June 20, 2000 proposal "to facilitate additional industrial development." (Economic development does constitute a valid ***public*** purpose under the Fifth Amendment. *Kelo v. City of New London, Connecticut*, 545 U.S. 469, 480 (2005) (emphasis added)). Conducting a fair reading of Plaintiff's Complaint, accepting all of Plaintiff's allegations as true, and drawing all inferences in favor of Plaintiff, the Court finds Plaintiff states a claim for taking, and conspiring to take, its property for public use without just compensation. Further, the Court finds Plaintiff fails to allege any effort to seek compensation by way of a state court writ of mandamus — a procedure held to be "reasonable, certain, and adequate." *Lytle*, 480 F. Supp. 2d at 989; *Coles*, 448 F. 3d at 861. Thus, Plaintiff's takings and conspiracy claims are not ripe for federal adjudication; and the Plaintiff has no case or controversy over which this Court may exercise jurisdiction in the First and Second Claims of its Complaint.

Finding no jurisdiction over the proposed federal causes of action, this Court, in the interest of "judicial economy, convenience and fairness" to the litigants, declines to exercise its supplemental jurisdiction over the state claims of trespass, encroachment, and breach of

contract.

## III. CONCLUSION

For the foregoing reasons, the Defendants' Motions to Dismiss are granted without prejudice; and Plaintiff's Complaint is dismissed with respect to all Defendants.

**IT IS SO ORDERED.**

**DATE:** April 14, 2008

s/Christopher A. Boyko

**CHRISTOPHER A. BOYKO**
**United States District Judge**